## UNITED STATES v. NORTHERN PAC. R. CO.

Circuit Court of Appeals, Eighth Circuit.
May 1, 1929.

No. 8061.

For former opinion, see 30 F.(2d) 655, which reversed 22 F.(2d) 858.

D. F. Lyons and M. L. Countryman, Jr., both of St. Paul, Minn., for defendant in error.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

VAN VALKENBURGH, Circuit Judge. Defendant in error has filed its petition for rehearing in this cause, praying that this court may reconsider its decision of January 21, 1929, that the judgment of the District Court [22 F.(2d) 858] may be affirmed, and that, at any rate, certain alleged erroneous statements of fact in our opinion heretofore filed may be corrected. Complaint is made of the language used in the first paragraph of the second column of page 658 of 30 F.(2d), and in the first thirteen lines of the first paragraph on page 659 of the same volume. The main criticism lodged by the petition is to the statements that "the route from St. Paul to Seattle via Brainerd and Meeker for more than thirty years has been treated by both government and railroad as a route subject

to land grant deductions under the provisions of that Act" (Act of July 2, 1864), and that "the so-called 'new line' carries all the through traffic from St. Paul to the Pacific Coast." The record in this case reciting the original construction of the various lines of railroad, now comprising the Northern Pacific system, and the land grants attending such construction, is concededly complex and involved, and the language used, to which reference has been made, was intended merely to convey the ultimate facts conceived to affect the disposition of the case under the law applicable, and, when so understood, involves no substantial departure affecting the merits. However, for the sake of strict literal accuracy, we are willing to amend the passages criticized in the manner following: The paragraph on page 658 of 30 F.(2d) will read as follows:

"But it is conceded that parts of the system, as now composed were constructed by various corporations, of which the defendant is now the successor, charged with all the obligations of its predecessors; that the plaintiff below maintains its principal operating and business offices in the city of St. Paul; that much through traffic of the Northern Pacific Railway Company to the Pacific Coast starts at St. Paul, with Seattle, Wash., as its point of destination; and the route from St. Paul to Seattle via Brainerd and Meeker, for more than thirty years has been treated by both government and railroad as a route subject in part to land grant deductions under the provisions of land grant acts."

The first thirteen lines of the first paragraph on page 659 of the same volume are amended thus:

"But defendant in error insists that there has been thus created a new route which is additional to those required to be established and maintained under the land grant act. To this we are unable to accede. According to the stipulated facts what is termed the old line, via Brainerd and Meeker, is used for local traffic exclusively, while the so-called 'new line' carries all the through traffic 'from St. Paul to the Pacific Coast.' It thus appears that except by this latter route, continuous through carriage by the Northern Pacific, which is adequate for the use of appellant in the transportation of troops from St. Paul to Seattle, is abandoned."

The decisive facts remain that, as stated in the first paragraph above, as amended, for more than three decades the route from St. Paul to Seattle via Brainerd and Meeker has been accepted by both parties hereto as a route subject in part to land grant deductions; that until the transportation which forms the basis of this suit, these deductions were computed upon a total mileage of 1,962.21 miles, with a land grant mileage of 1,855.67 miles, a ratio of 47.285; that the Little Falls-Staples and Palmer Junction-East Auburn cut-offs constitute a mere straightening or shortening of an established and mutually recognized land grant route of long standing; that, by the contruction of these cut-offs and the withdrawal of through trains and fares over the former route, the railroad has, in effect, established a lieu line, and has abandoned that former route for adequate through government travel.

This being so, the conclusion heretofore reached is in no way affected by the modifications made, and the petition for rehearing is accordingly denied.

POLLOCK, District Judge, votes to grant the rehearing for the reasons stated in his dissenting opinion heretofore filed.